IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES E. RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1511-DII |
| | § | |
| REANNA RIVERA and TXTAG, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Defendant Reanna Rivera's ("Rivera") Motion to Dismiss, (Dkt. 4). (R. & R., Dkt. 20). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on May 22, 2024. (*Id.*). Plaintiff James E. Russell ("Plaintiff") received the report and recommendation no later than May 28, 2024. (Dkt. 22). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

1

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Further, Rivera represented in her notice of removal that Defendant TXTAG ("TXTAG"), which has not appeared in this action, has not been properly served. (Not. Removal, Dkt. 1, ¶ 3). Plaintiff has not contested Rivera's assertion in any way. Regardless of whether TXTAG has been properly served, the Court will dismiss Plaintiff's claims against TXTAG as Plaintiff's claims are devoid of merit for the reasons explained in Judge Lane's report and recommendation. District courts have the inherent authority to screen a pleading for frivolousness and may dismiss, *sua sponte*, claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" because such claims lack "the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *see also Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)).

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 20), is **ADOPTED**. Defendant Reanna Rivera's Motion to Dismiss, (Dkt. 4), is **GRANTED**. Plaintiff's claims against both Defendants Rivera and TXTAG are **DISMISSED WITH PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on July 1, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE